**FILED**

FEB 0 1 2016

CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BRENDA K. COOK,<br><br>        Plaintiff,<br><br>VS<br><br>THE GLORY HOUSE OF<br>SIOUX FALLS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. #16– 4022<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## JURISDICTION

1)  This is a gender employment discrimination and retaliation claim arising under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(a).

2)  Plaintiff Brenda Cook ("Ms. Cook") is an adult female who resides in Lincoln County, South Dakota.

3)  At all times relevant, Defendant The Glory House of Sioux Falls ("Glory House") was doing business in Minnehaha County, South Dakota.

4)  Glory House has continuously been an employer engaged in an industry affecting commerce and has continuously employed more than twenty (20) employees engaged in commerce within the meaning of Title VII at 42 U.S.C.A. §§ 2000e(b) and (h).

5)  Glory House employed Ms. Cook between September 2006 and June 2014.

6)  Ms. Cook experienced an adverse employment action when she was terminated.

7)  Ms. Cook timely filed a charge of discrimination with the EEOC alleging violations of Title VII.

8) The EEOC issued Ms. Cook a Notice of Suit Rights dated November 2, 2015.

9) All conditions precedent to the institution of this lawsuit have been fulfilled.

10) Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343(a)(4). Venue is proper in accordance with 28 U.S.C.A. § 1391(b)(2) and 42 U.S.C.A. § 2000e-5(f)(3). Plaintiff invokes this Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367.

## GENERAL ALLEGATIONS

11) During her employment and until at least June 2014, Glory House engaged in unlawful employment practices at its Sioux Falls, South Dakota, by discriminating against Ms. Cook because of her gender and retaliating against her for protected activity.

12) Ms. Cook was harassed and subjected to different terms and conditions of employment because of her gender, including a hostile work environment and marked differences in mentorship, disciplinary actions and standards of performance applied to female employees in comparison to similarly situated male employees.

13) Ms. Cook made formal gender discrimination complaints according to Glory House's policies regarding gender discrimination in the form of disparate treatment and the hostile work environment during a period of at least two years prior to her termination.

14) After Ms. Cook reported gender complaints according to Glory House's policies, she was subjected to retaliatory treatment from her supervisors.

15) On June 9, 2014, Ms. Cook sought to elevate her reports of discriminatory treatment, hostile work environment and retaliation to the Board of Directors for Glory House pursuant to its policies. The Associate Director for Glory House provided her with names of the Board

members and directives for the purpose of making the complaint.  She followed the Associate Director's direction.

16)  Days after she made this report, Ms. Cook was subject to retaliatory discharge.

17)  The effect of the practices complained of in Paragraphs 11-16 above has been to deprive Ms. Cook of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender.

18)  The unlawful employment practices complained of in Paragraphs 11-16 above were intentional.

19)  The unlawful employment practices complained of in Paragraphs 11-16 above were done with reckless indifference to Ms. Cook's federally protected rights.

## COUNT ONE:  DISPARATE TREATMENT BECAUSE OF GENDER

20)  During her employment with Glory House, Ms. Cook met her employer's reasonable performance expectations.

21)  Ms. Cook was qualified to perform the necessary duties of her position.

22)  Ms. Cook was subjected to a hostile work environment including repeated negative and demeaning comments about her gender from her co-workers and her direct supervisors.

23)  Ms. Cook was treated to different standards of discipline, vacation and leave policies and general conditions of employment as compared to similarly situated male employees.

24)  Ms. Cook repeatedly followed Glory House's policies and directives in an attempt to informally address her hostile work environment claims.

25)  To the best of her knowledge, Glory House replaced Ms. Cook with a male employee.

26)  The unlawful discriminatory acts complained of in Count One of this Complaint were willful, reckless and malicious.

## COUNT TWO:  RETALIATION

27) Ms. Cook used the appropriate channels under Glory House's policies and directives to report her complaints of discrimination and retaliatory treatment to the Board of Directors on June 9, 2014.

28) Ms. Cook was terminated on June 13, 2014.

29) The reason given for Ms. Cook's termination was pretextual.

30) Ms. Cook's termination was done in retaliation to stop her from reporting discrimination and retaliation in the Glory House workplace.

31) To the best of her knowledge, Ms. Cook was replaced with a male employee.

32) The unlawful retaliatory acts complained of in Count Two of this Complaint were willful, reckless and malicious.

## COUNT THREE:  WRONGFUL DISCHARGE & PUBLIC POLICY
### (SDCL Chapter 62-11 & -12)

33) At all times relevant to this action, Glory House has represented non-discrimination and sexual harassment policies to employees in various writings, including but not limited to, personnel policies and procedure manuals.  These manuals and policies formed part of Ms. Cook's express employment contract with Glory House.

34) Prior to Ms. Cook's discharge, she had performed all conditions and duties required of her.  Glory House failed to adhere to the set policies and procedures in place by failing to investigate alleged events and terminating Ms. Cook without proper investigations into many of her complaints.

35) Glory House materially breached Ms. Cook's employment contract when it abruptly terminated her employment in retaliation for her statutorily protected right to redress for gender discrimination.

36) When Ms. Cook complained of the behavior mentioned in Counts One and Two, she was wrongfully discharged.

37) The public policy of SDCL §§ 60-11-17.1, 60-12-15, 60-12-18 and 60-12-21 provide exceptions to the at-will employment doctrine for employees seeking redress for gender discrimination.

38) The failure on the part of Glory House to adhere to their own policies and procedures in firing Ms. Cook without good cause constituted a wrongful discharge.

## PRAYER FOR RELIEF

Plaintiff Brenda Cook prays for judgment against Defendant Glory House of Sioux Falls as follows:

1) For a trial by jury on the merits of her claims;

2) For compensatory damages in such amount as the evidence at trial may show to make Ms. Cook whole by providing appropriate back pay, liquidated damages as allowed by law and pre-judgment interest as a result of Glory House's unlawful employment practices in amounts to be determined by the jury;

3) For general damages in such amount as the evidence at trial may show to make Ms. Cook whole by providing appropriate compensation for past and future losses arising from the pain, anxiety, humiliation and embarrassment suffered by Ms. Cook as a result of Glory House's unlawful employment practices in amounts to be determined by the jury;

4) For punitive damages in such an amount as the evidence at trial may show in amounts to be determined by the jury; and

5) For her costs and disbursements incurred herein, including reasonable attorney fees, and for such other and further relief as the Court may deem just.

5

Dated this 28th day of January 2016.

JOHNSON POCHOP & BARTLING

Stephanie E. Pochop
Kelsea K. Sutton
405 Main St. | PO Box 149
Gregory, SD 57533
(605) 835-8391
stephanie@rosebudlaw.com
kelsea@rosebudlaw.com
*Attorneys for Plaintiff Brenda Cook*

6